47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick QUINTERO; William Hall; James Blanton, Petitioners-Appellants,
v.
Ned Mcwherter, Governor of the State of Tennessee; Christine
J. Bradley, Commissioner of the Tennessee
Department of Corrections, Respondents-Appellees.
 No. 94-5714.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Derrick Quintero, William Hall, and James Blanton move for the appointment of counsel on appeal from the dismissal of their petition for a declaratory judgment filed under 28 U.S.C. Sec. 2201. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Petitioners filed their petition in the district court seeking a declaration of their rights under agreements executed between the governors of Tennessee and Kentucky providing for petitioners' extradition to Tennessee from Kentucky to stand trial on first degree murder charges. The district court dismissed the petition sua sponte. Next, the district court granted petitioners' motion for leave to amend the petition but denied petitioners' timely Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Thereafter, the district court entered an order granting petitioners a certificate of probable cause to appeal after they filed a timely notice of appeal.
 
 
 3
 On appeal, petitioners contend that they are entitled to the declaration requested in their petition of their rights under the extradition agreements in question. Upon consideration, we affirm the judgment of the district court for the reasons stated by the district court order dismissing the petition entered February 9, 1994.
 
 
 4
 The Declaratory Judgment Act provides federal courts authority "(i)n a case of actual controversy within its jurisdiction, ... (to) declare the rights and other legal relations of any interested party ...." 28 U.S.C. Sec. 2201(a). Further, this court has held that the "case or controversy" jurisdictional requirement of Article III of the Constitution applies to declaratory judgment actions. Kelly v. E.I. DuPont De Nemours & Co., 17 F.3d 836, 844 (6th Cir. 1994); Michigan State Chamber of Commerce v. Austin, 788 F.2d 1178, 1181 (6th Cir. 1986); Detroit, Toledo & Ironton R.R. v. Consolidated Rail Corp., 767 F.2d 274, 279 (6th Cir. 1985). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Austin, 788 F.2d at 1181 (quoting Golden v. Zwickler, 394 U.S. 103, 108 (1969)). The test requires that the party seeking a declaratory judgment have standing and that the controversy be ripe for adjudication. Here, the district court correctly concluded that there is no "case or controversy."
 
 
 5
 Accordingly, the motion for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.